UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JERMAINE MARSHALL, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | Cause No. 3:17-cv-011 |
| vs. | ) |  |
|  | ) |  |
| MARGARET DAWSON, *et. al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Jermaine Marshall, a *pro se* prisoner, filed a complaint alleging Margaret Dawson and Corizon, Inc. denied him mental health treatment while he was housed at the Miami Correctional Facility ("Miami") in August 2016. I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006) (internal citations omitted). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

Marshall is currently housed at the Pendleton Correctional Facility, but sues

1

Margaret Dawson and Corizon for events that took place while he was an inmate at Miami. Before Marshall arrived there, he had been diagnosed with paranoid schizophrenia and was prescribed medication to treat that condition. Upon arrival at Miami, Marshall informed Dawson of his mental health condition. However, Dawson questioned the diagnosis and refused to allow Marshall to take his prescription medication. As a result of not receiving his prescription medicine, Marshall attempted to commit suicide and injured himself in the process. He brings a claim for money damages against both Dawson and Corizon.

Under the Eighth Amendment, inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability the prisoner must show: (1) he or she had an objectively serious medical need; and (2) the defendant acted with deliberate indifference to that need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that "a physician has diagnosed as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). There is no question that Marshall's diagnosed paranoid schizophrenia constitutes a serious medical need.

Deliberate indifference is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). For a medical professional to be held liable for deliberate indifference, he or she must make a decision that

represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Here, Marshall clearly disagrees with Dawson's decision not to treat him for paranoid schizophrenia. It is unclear whether there is anything more to this case than a genuine disagreement over Marshall's diagnosis and need for medication. However, that is not a question that can be resolved at the pleading stage. Therefore, Marshall will be allowed to proceed on a claim for money damages against Dawson.

Next, Marshall sues Corizon, the private company which provides medical care at the prison. It appears he is trying to hold the company liable because it employs Dawson. However, there is no general *respondeat superior* liability under Section 1983. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008). Accordingly, Marshall has not plausibly alleged a claim against Corizon, and this claim must be dismissed.

For these reasons, the court

(1) **GRANTS** Marshall leave to proceed against Dawson in her individual capacity for compensatory and punitive damages for denying him adequate medical care in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Corizon, Inc.;

(4) **DIRECTS** the Clerk of Court and the United States Marshals Service to issue

and serve process on Margaret Dawson with a copy of this order and the complaint (DE 1) as required by 28 U.S.C. § 1915(d); and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Dawson respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

**ENTERED:** March 15, 2017.

s/ Philip P. Simon
JUDGE, UNITED STATES DISTRICT COURT